UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| For the Use and Benefit of | : | |
| ALL STATE CONSTRUCTION, INC. | : | |
| 449 Cook Street, P.O. Box 805 | : | |
| Farmington, CT  06032 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: _____ |
| SEI GROUP, INC. | : | |
| 303 Williams Ave., S.W., Suite 135 | : | |
| Huntsville, AL  35801 | : | |
| <u>Serve on</u>: | : | |
| Eloy J. Torrez, President | : | |
| 303 Williams Ave., S.W., Suite 135 | : | |
| Huntsville, AL  35801 | : | |
| | : | |
| and | : | |
| | : | |
| THE GUARANTEE COMPANY OF NORTH | : | |
| AMERICA USA | : | |
| 1 Towne Square, Suite 1470 | : | |
| Southfield, MI  48075 | : | |
| <u>Serve on</u>: | : | |
| Commissioner of Insurance | : | |
| State of Maryland | : | |
| 200 St. Paul Place, Suite 2700 | : | |
| Baltimore, MD  21202 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>COMPLAINT</u>**

This is an action seeking to recover monies owed on a construction project, including claims against the Miller Act payment bond issued on the project.

1

## PARTIES

1.      The plaintiff, All State Construction, Inc. ("All State"), is a Connecticut corporation with a principal place of business located at 449 Cooke Street, Farmington, Connecticut.

2.      Upon information and belief, the defendant, SEI Group, Inc. ("SEI"), is an Alabama corporation with a principal place of business located at 303 Williams Avenue, SW, Suite 135, Huntsville, Alabama.

3.      Upon information and belief, the defendant, The Guarantee Company of North America USA ("Guarantee Company"), is a Michigan insurance company with a place of business located at 1 Towne Square, Suite 1470, Southfield, Michigan.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 40 U.S.C. § 3131 and § 3133 under The Miller Act, and pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

5.      Venue is proper in this district pursuant to 40 U.S.C. § 3133(3) as the action must be brought in the district in which the work was performed, and pursuant to 28 U.S.C. § 1391 (a) because a substantial part of the events or omissions giving rise to the claim occurred within the district.

## COUNT I

### (Breach of Contract for Unpaid Contract Balance – SEI)

1-5.    All State restates and realleges each of the allegations set forth in paragraphs 1 through 5 as if fully set forth herein.

2

6.      On or about September 27, 2010, SEI and the United States of America by and through the United States Department of Commerce ("Government") entered into a design-build contract, Contract No. WC1330-06-CQ-0042m, in the amount of $8,330,395.00, for the construction of the project known as the Helium Recovery and Re-Liquefaction System in Gaithersburg, Maryland ("Project").

7.      On or about October 29, 2010, All State and SEI entered into a subcontract ("Subcontract") in the lump-sum amount of $2,136,890.00 whereby All State agreed to provide all labor, supervision, materials and equipment to install a complete helium recovery and re-liquefaction facility in accordance with the Project plans, specifications and SEI contract documents.

8.      All State submitted requisitions to SEI totaling $1,111,272.26 for work that it fully and completely performed at the Project in accordance with the Subcontract.

9.      SEI has paid All State the amount of $974,573.26 leaving an undisputed balance due and owing to All State on the Subcontract in the amount of $136,699.00, including earned retainage.  This undisputed balance has been due and owing for more than 60 days.

10.     All State continues to perform work on the Project in accordance with the terms and conditions of the Subcontract.  The work All State has performed is in full compliance with the Project plans, specification and contract documents.

11.     Upon information and belief, SEI has been paid by the Government for the work for which All State has demanded payment.

12.     SEI has failed and refused to pay All State the undisputed amount due and owing for which it has been entitled to payment since at least June 29, 2012.

13.     Despite this nonpayment, All State has continued and continues to work on the Project.

14.     All State has made repeated demands for payment but SEI has refused and failed to pay All State for the undisputed amount due and owing.

15.     SEI's refusal and failure to pay All State for the undisputed amount due and owing for work it performed on the Project constitutes a material breach of the Subcontract.

16.     By its conduct, SEI has also breached the covenant of good faith and fair dealing implied by the Subcontract.

17.     As a result of SEI's nonpayment of the Subcontract, All State has suffered damages in the approximate amount of $136,699.00, plus interest, costs and attorneys' fees.

## COUNT II

**(Breach of Contract for Unpaid Extra Work, Suspension and Demobilization – SEI)**

1-17.     All State restates and realleges each of the allegations set forth in paragraphs 1 through 17 of Count I as if fully set forth herein.

18.     During the course of the Project, SEI ordered and directed All State to perform extra and additional work not included within the scope of the Subcontract.

19.     All State fully and completely performed the extra and additional work at the direction of SEI and submitted cost proposals totaling $19,430.98 for the extra and additional work performed.

20.     Despite repeated demands for payment, SEI has yet to pay All State for the directed and approved extra and additional work.

21.    Additionally, on or about March 9, 2012, the Government directed SEI to suspend work on the Project, and, in turn, SEI directed All State to suspend work and demobilize.  The suspension and demobilization was unexpected and unanticipated by All State.

22.    All State has incurred costs to demobilize from the Project.  All State has also incurred and will continue to incur additional costs and expenses during the suspension to continually monitor, protect and preserve the work-in-place in furtherance of its contractual obligations.  All State submitted proposed change orders to SEI totaling $44,920.07 for the costs and expenses incurred as a result of the suspension and demobilization.

23.    Despite repeated demands for payment, SEI has yet to pay All State for the additional costs and expenses incurred as a result of the suspension and demobilization.

24.    SEI has unjustifiably refused to pay the costs proposals and compensate All State for the additional costs and expenses incurred as a result of the demobilization and suspension directed by SEI.

25.    Despite repeated demands for payment, SEI has failed and refused to pay All State the amount due and owing.

26.    SEI's failure and refusal to compensate All State for the additional costs and expenses incurred as a result of the demobilization and suspension constitutes a material breach of the Subcontract.

27.    In addition, All State is in the process of preparing proposed change orders seeking compensation for additional costs, expenses and delays, not captured in its prior costs proposals, that it has incurred during the work suspension, including but not limited to lost profits, damages, expenses, extended overhead, extended project management and supervision, extended general conditions and extended monitoring and protection.

28.     As a result of SEI's material breach of the Subcontract, All State has suffered damages, plus interest, attorneys' fees and costs.

## COUNT III

### (Quantum Meruit – SEI)

1-28.   All State restates and realleges each of the allegations set forth in paragraphs 1 through 28 of Count II as if fully set forth herein.

29.     All State has provided labor and materials to the Project which have been incorporated into the Project, which have benefited SEI and for which All State reasonably expected payment.

30.     SEI has unjustly benefited from the use of All State's labor and materials without rendering payment for same to the detriment of All State.

31.     As a result, All State has been severely damaged.

## COUNT IV

### (Payment Bond Claim – the Guarantee Company)

1-31.   All State restates and realleges each of the allegations set forth in paragraphs 1 through 31 of Count IV as if fully set forth herein.

32.     In connection with the Project, the Guarantee Company, as surety, and SEI, as principal, issued a payment bond ("Payment Bond"), Bond No. 40063839, in the penal sum of $8,330,395.00, to secure payment and for the benefit of those performing work and supplying material to the Project, including All State.

33.     All State provided labor and materials for the Project pursuant to the Subcontract.

34.     One year has not elapsed from the last date All State furnished labor and materials to the Project.  All State continues to furnish labor and materials to the Project.

35.     SEI has failed and refused to pay All State the amount of $373,050.05 for labor and materials which All State provided to the Project, of which the undisputed amount of $136,699.00 has been due and owing since at least June 29, 2012.  The last labor and materials provided to the Project for which claim is made was provided less than one year of the filing of this complaint.

36.     All State provided notice of claim to the Guarantee Company seeking payment of the amount of $373,050.05 due under the Payment Bond, including the undisputed amount of $136,699.00.

37.     All State has complied with all conditions precedent to payment under the Payment Bond, yet the Guarantee Company has failed to pay All State for amounts due and owing by SEI.

38.     All State is entitled to payment from the Guarantee Company under the Payment Bond.

39.     All conditions precedent to the maintenance of this action have been met or waived.

40.     The Guarantee Company has breached its duties and obligations under the Payment Bond.

41.     As a result, All State has been damaged in excess of $373,050.05, plus interest attorneys' fees and costs.

WHEREFORE, All State claims the following as its prayer for relief:

1.   Monetary damages;

2.   Interest;

3.   Costs;

2758765 v.2

4.  Attorneys' fees; and

5.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_ / s / _____

Joseph C. Kovars, Federal Bar No. 03578
Eric Radz, Federal Bar No. 27974
Ober, Kaler, Grimes & Shriver
100 Light Street
Baltimore, MD  21202
Tel: (410) 685-1120
Fax: (410) 547-0699
jckovars@ober.com
eradz@ober.com

Attorneys for Plaintiff,
United States of America f/b/o
All State Construction, Inc.

8

2758765 v.2