IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| United States of America for the use and benefit of ALL STATE CONSTRUCTION, INC. | : | |
| | : | |
| | : | |
| v. | : | Civil Action No. DKC 14-0131 |
| | : | |
| SEI GROUP, INC., et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to dismiss filed by Defendant SEI Group, Inc. ("SEI"). (ECF No. 16). The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I.  Background**

Plaintiff All State Construction, Inc. ("All State"), commenced this action on January 16, 2014, against SEI and its surety, The Guarantee Company of North America USA ("Guarantee"). (ECF No. 1). According to the complaint, on September 27, 2010, SEI entered into a "design-build contract" with the United States government "for the construction of the project known as the Helium Recovery and Re-Liquefaction System in Gaithersburg, Maryland[.]" (*Id.* at ¶ 6). Thereafter, SEI entered into a subcontract with All State "in the lump-sum amount of $2,136,890.00 whereby All State agreed to provide all

labor, supervision, materials and equipment to install a complete helium recovery and re-liquefaction facility in accordance with the Project plans, specifications and SEI contract documents." (*Id.* at ¶ 7). "During the course of the [p]roject, SEI ordered and directed All State to perform extra and additional work not included within the scope of the [s]ubcontract," which All State "fully and completely performed[,] . . . submitt[ing] cost proposals totaling $19,430.98[.]" (*Id*. at ¶¶ 18, 19). "[O]n March 9, 2012, the Government directed SEI to suspend work on the project" and, in turn, "SEI directed All State to suspend work and demobilize," thereby causing All State to incur unanticipated additional costs "totaling $44,920.07[.]" (*Id*. at ¶¶ 21, 22).

All State asserts that, despite repeated demands, SEI has failed to pay the balance due under the subcontract, the amount due for "extra and additional work," and reimbursement of costs associated with demobilization. As relevant here, All State seeks to recover all of these amounts from SEI, alleging breach of contract and *quantum meruit*.

On March 4, 2014, SEI filed the pending motion to dismiss the third count of the complaint, for *quantum meruit*, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16). Plaintiff filed a response in opposition on March 20 (ECF No. 19) and SEI filed a reply on April 7 (ECF No. 21).

2

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than a "formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court need not, however, accept unsupported legal allegations. *See Revene v. Charles County. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989).  Nor must it agree

with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. Analysis

In moving to dismiss, SEI argues that "Maryland law prohibits a party from recovery in quantum meruit 'when there is an express contract dealing specifically with the services rendered.'" (ECF No. 16-1, at 2 (quoting *Abt Associates, Inc. v. JHPIEGO Corp.*, 104 F.Supp.2d 523, 534 (D.Md. 2000)). Thus, "[b]ecause the [s]ubcontract governs the parties' dispute and determines what if any amounts are due and owing," SEI contends that All State "cannot maintain its [] quantum meruit claim." (*Id.* at 3). In opposing the motion, All State acknowledges that "Maryland law may ultimately preclude recovery in quantum meruit

4

when there is an express contract," but argues that it "cannot know whether the breadth of its contract claims encompass all aspects and factual bases for its recovery" at the pleading stage. (ECF No. 19, at 4 (internal emphasis omitted)).   All State maintains that it is entitled "to make alternate and possibly inconsistent claims" under Fed.R.Civ.P. 8(d) and that "the [c]ourt should allow [it] to plead [quantum meruit] in the alternative[.]" (*Id*. at 3-4).

Under Federal Rule of Civil Procedure 8(d)(3), "[a] party may state as many separate claims or defenses as it has, regardless of consistency."   Fed.R.Civ.P. 8(d)(3).   The party need not use express language indicating that a claim is pleaded in the alternative. *See TSC Research, LLC v. Bayer Chemicals Corp.*, 552 F.Supp.2d 534, 540 (M.D.N.C. 2008).   Generally, however, a plaintiff cannot bring a quasi-contractual claim in the alternative when an express contract covers the rights and remedies available to the parties. *See Count Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.,* 358 Md. 83, 101 (2000).

While an express contract generally precludes a *quantum meruit* claim, it is inappropriate to dismiss a quasi-contractual claim even in the presence of an express contract when the parties disagree as to their respective contractual liability. *See Utility Line Servs., Inc. v. Washington Gas Light Co.*, PWG-

12-3438, 2013 WL 3465211, at *3 (D.Md. July 9, 2013) ("The parties disagree as to their respective contractual liability, and as such, Plaintiff is not precluded from asserting quasi-contract claims in the alternative."). It is also premature to dismiss a quasi-contractual claim at a preliminary stage if the existence of an express contract governing the relationship between the parties has not yet been determined. *See Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.,* 190 F.Supp.2d 785, 792 (D.Md. 2002) ("Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature.") (*quoting Mobil Oil Corporation v. Dade County Esoil Management Co.,* 982 F.Supp. 873 (S.D.Fla. 1997)).

Here, dismissal of All State's *quantum meruit* claim is not appropriate because it is unclear whether the subcontract encompassed the entire relationship between the parties. All State has alleged that it has not been paid for "extra and additional work" it performed at the request of SEI or for costs associated with demobilization. While All State may not recover under both breach of contract and *quantum meruit*, it is entitled to plead these theories in the alternative. *See Swedish Civil Aviation Admin.,* 190 F.Supp.2d at 792 ("[A]lthough [Plaintiff] may not recover under both contract and quasi-contract theories,

it is not barred from pleading these theories in the alternative[.]"). Accordingly, SEI's motion will be denied.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant SEI Group, Inc., will be denied. A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```